IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KATHY SNYDER                                                                                  PLAINTIFF

V.                                                       CAUSE NO.: 1:10CV17-SA-JAD

COOK & ASSOCIATES, LLC, AND
PAM STREET                                                           DEFENDANTS

## DEFAULT JUDGMENT

Plaintiff filed this action against the Defendants on January 25, 2010. Summons were issued and returned executed as to each defendant by January 29, 2010. The Clerk of Court entered default as to Cook & Associates and Pam Street on March 29, 2010. Thereafter, Plaintiff filed a Motion for Default Judgment [11, 12] as to each defendant. Plaintiff seeks statutory damages under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. Section 1692, *et seq.*, costs, attorneys' fees, as well as post-judgment interest and attorneys' fees incurred in the collection of the judgment.

*Default Standard*

Federal Rule of Civil Procedure 55 provides the procedure for entering default judgments. The entry of a default judgment under Rule 55(b)(2) is committed to the sound discretion of the trial court. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). A default judgment "is a judgment on the merits that conclusively establishes the defendant's liability . . . [b]ut it does not establish the amount of damages." United States use of M-Co Constr., Inc. v. Shipco Gen., Inc., 814 F.2d 1011, 1014 (5th Cir. 1987) (citing TWA v. Hughes, 449 F.2d 51, 70 (2d Cir. 1991); G.C. Merriam Co. v. Webster Dict. Co., 639 F.2d 29, 34 (1st Cir. 1980)).

*Liability*

Due to Defendants' failure to appear or plead, the following facts have been conceded: (1) Plaintiff is a "consumer"; (2) Cook & Associates, LLC, is a "debt collector;" and (3) Pam Street is an individual employee of Cook & Associates. Further, Plaintiff asserts that Defendants have made numerous attempts to collect amounts alleged to be owed by Plaintiff. Cook & Associates began trying to collect a debt from Plaintiff in October 2009. Plaintiff explained that the debt was placed with another agency and she was making payments to repay that debt. Plaintiff requested that Cook & Associates send her information regarding the debt they were trying to collect. Plaintiff asserts that the agents were rude and abusive and refused to provide her any information. In November 2009, Defendant Pam Street called Plaintiff's residence and spoke with Plaintiff's son. Street informed Plaintiff's son that Cook & Associates would be filing suit against the Plaintiff if she did not pay the debt owed them. Plaintiff called Cook & Associates on November 12, 2009, and spoke with Pam Street regarding the phone call with Plaintiff's son. Street threatened Plaintiff with a lawsuit and informed Plaintiff that Cook & Associates was the law firm that would bring charges against her. The November conversations between Plaintiff and Cook & Associates were "communications" under the FDCPA. These acts and omissions violated the FDCPA.

*Damages*

In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a "consumer"; (2) the defendant must be a "debt collector"; and (3) the defendant must have committed some act or omission in violation of the FDCPA. See, e.g., Withers v. Eveland, 988 F. Supp. 942, 945 (E.D. Va. 1997); see also 15 U.S.C. § 1692a(3), (6).

Plaintiff has not put forth any evidence or allegation that Pam Street is a "debt collector" as

required by the FDCPA. Accordingly, Plaintiff is not entitled to statutory damages under the FDCPA against Street, and the allegations against her are dismissed.

Plaintiff has met the requirements to hold Cook & Associates liable under the FDCPA.

The FDCPA provides that, in addition to actual damages (which Snyder does not seek on default judgment), "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to . . . such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a). Plaintiff has pled sufficient facts to justify the imposition of a $1,000 statutory fine against Cook & Associates.

Pursuant to 15 U.S.C. § 1692k(a)(3), a prevailing plaintiff is entitled to the costs of her FDCPA action, as well as a reasonable attorney's fee. Plaintiff requests attorneys' fees in the amount of $950, being 4.75 hours at $200 per hour. The Court finds that the requested attorneys' fee rate is reasonable, and the hours expended were not excessive. Accordingly, the Court awards the requested attorney's fees against Cook & Associates, in the amount of $950. Additionally, Plaintiff is awarded costs of $500.

Plaintiff's Motion for Default Judgment [11] is GRANTED as to Cook & Associates, and DENIED as to Pam Street [12]. Defendant Cook & Associates, therefore, owes to Plaintiff the sum of $2,450, as well as post-judgment interest to accrue at a rate of 0.30% from this date.

SO ORDERED, this the 23rd day of June, 2010.

                                           /s/ Sharion Aycock
                                           **U.S. DISTRICT JUDGE**